ORRELL MILLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5379, 13676.   Promulgated May 10, 1927.

*Wilfred L. Hagerty, C. P. A.,* for the petitioner.
*J. W. Fisher, Esq.,* for the respondent.

GREEN: The above-entitled proceedings were by stipulation consolidated for hearing. In Docket No. 5379 the petitioner seeks a redetermination of its tax liability for the year 1918, for which the Commissioner determined a deficiency in income and profits taxes in the sum of $11,077.75. The errors alleged are:

Failure of the Commissioner of Internal Revenue to recognize, on the evidence submitted, claim for a paid-in surplus of $67,947.47 and additional depreciation thereon, arising through the acquisition of tangible personal property in exchange for stock.

Disallowance by the Commissioner of Internal Revenue of $53,000.00 of the $65,000.00 claimed as a paid-in surplus arising through the acquisition of water rights.

Failure on the part of the Commissioner of Internal Revenue to properly compute depreciation on real estate and machinery, depreciation write-offs from 1907–1916, inclusive, not being considered in his calculations.

In Docket No. 13676 the petitioner seeks a redetermination of its tax liability for the year 1921, for which the Commissioner has determined a deficiency in income and profits taxes in the sum of $3,363.03. The errors alleged are:

Calculation of depreciation allowances by the Commissioner on the net reduced book value of properties instead of upon cost.

The failure of the Commissioner to consider correction of invested capital for paid-in surplus arising through acquisition for stock of properties with a value in excess of the par value of such stock.

Failure of the Commissioner in his examination to correct invested capital for the erroneous reduction thereof by the proration of 1920 income and excess-profits taxes.

The petitioner is a corporation organized under the laws of the State of Rhode Island with its office and place of business in the town of Glendale. It is engaged in the manufacture of woolen goods in which it uses electrical energy derived from water power. The power site, canals, etc., are located adjacent to the power plant. There is installed a water wheel over which flows water from the canal, and from which the petitioner derives electrical energy equivalent to approximately 160 horse power. There is nothing in the record to indicate the ownership of the mill, the power site, or the power plant, nor is there any evidence of its cost or value.

In 1907 the petitioner had on its books three " property accounts," namely: " machinery account," " buildings account," and " tenements." The accounts of the petitioner as regards depreciation were not kept in the regular way. The amounts charged off for depreciation were arbitrary amounts and were charged off irregularly, generally only in the years when there were profits. Each year when it was sought to charge off depreciation, the amount of such depreciation so arbitrarily computed, was deducted from the amount of each of said property accounts and the depreciation for the succeeding year computed upon the remaining balance. This method of handling depreciation was continued until 1917 or 1918, after which time a reserve for depreciation was set up. At the time the change was made the depreciation previously written off was not restored to the various property accounts. In 1918 and 1919 the depreciation was computed upon the appreciated value of plant facilities arrived at by an appraisement.

The foregoing are all of the material facts which can be found in the record.

*Judgment will be entered for the respondent in both proceedings.*